UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| TYRELL FREEMAN, | CASE NO. C11-2101MJP |
|---|---|
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE |
| v. | |
| JEFFREY UTTECHT, | |
| Defendant. | |

This matter comes before the Court on Petitioner's objections to Magistrate Judge Tsuchida's Report and Recommendation recommending that the Court dismiss Petitioner's habeas petition with prejudice. Having reviewed the objections (Dkt. No. 10), the Report and Recommendation (Dkt. No. 9), and the remaining record, the Court hereby ADOPTS the Report and Recommendation, DENIES the petition for a writ of habeas corpus, and DISMISSES the matter with prejudice. In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the U.S. District Courts, a certificate of appealability is DENIED.

## Background

Petitioner Tyrell Freeman pled guilty to first degree assault and second degree unlawful possession of a firearm and was sentenced in King County Superior Court on March 14, 2008. (Dkt. No. 9 at 1.) Freeman did not appeal his conviction and sentence, and pursuant to Washington Rule of Appellate Procedure 5.2(A), his state judgment became final on April 14, 2008. (Id. at 2.)

In June 2011, Freeman filed a personal restraint petition ("PRP") in the Washington Court of Appeals, which was dismissed on Nov. 28, 2011. (Id.) Freeman filed the present § 2254 petition in federal district court on Dec. 14, 2011. Title 28 U.S.C. § 2244(d)(1) establishes that a "1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." However, the period of time a properly filed application for post-conviction review is pending in state court does not count toward the limitation period. 28 U.S.C. § 2244(d)(2).

Magistrate Judge Tsuchida found that Freeman filed his federal habeas petition well after the expiration of § 2244(d)(1)'s one-year statute of limitation and concluded that his petition should be dismissed as time barred. (Dkt. No. 9 at 2.) Magistrate Judge Tsuchida also found that Freeman is not entitled to equitable tolling because he does not show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. (Id., citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).)

Freeman, in contrast, argues that the one year bar does not apply because Washington state law exempts claims related to double jeopardy from the state's one-year time limit in RCW 10.73.090, and that "the one year time limitation mandated by this United States Code tolls while the state court is considering a properly filed [PRP]." (Dkt. No. 10 at 6-7.) Freeman also argues

that the Court should toll the one-year time limit because he is a high school dropout and had no way of knowing that his Fifth Amendment rights were being violated by his attorney's failure to warn him of the consequences of a guilty plea. (Dkt. No. 10 at 7.)

**Discussion**

I. <u>One-Year Period of Limitations</u>

First, Petitioner fails to show that he filed his petition was filed within one year of his state court judgment becoming final on April 14, 2008, so his petition is time barred. In his objections, Petitioner asserts that his petition is timely in this Court because Washington state law contains an exception saying that the state's one-year time limit for considering personal restraint petitions does not apply to petitions that are based on double jeopardy claims. (Dkt. No. 10 at 6, citing RCW 10.73.100(3).) However, this argument fails because more than one year passed between when Freeman's conviction became final in April 2008 and when he filed his first state court petition in June 2011. (Dkt. No. 9 at 1-2.) Therefore, even if the Court did not count the time when Freeman's state court petition was pending, his petition in federal court would be time barred because more than a year has passed before he filed his state court petition.

II. <u>Equitable Tolling</u>

Petitioner is not entitled to equitable tolling because he does not show any extraordinary circumstances beyond his control that made it impossible for him to file a petition on time. <u>See</u> <u>Corjasso v. Ayers</u>, 278 F.3d 874, 877 (9th Cir. 2002). Petitioner argues that the Court should toll the one-year bar because he is a "high school drop out [sic]" and because his attorney failed to advise him that his plea agreement would result in a prolonged term of confinement. (Dkt. No. 10 at 7.) A habeas petitioner seeking equitable tolling bears the burden of proving "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). Here, Petitioner does not show that he

has been pursuing his rights diligently, and the fact that Petitioner dropped out of high school does not constitute "extraordinary circumstances." Petitioner also does not argue that there is any other reason why he did not pursue his claims within § 2244(d)(1)'s limitations. (Dkt. No. 10 at 7.) Therefore, Petitioner is not entitled to equitable tolling.

III. Certificate of Appealability

If a district court adopts a Report and Recommendation and dismisses a matter with prejudice, it must determine whether a certificate of appealability ("COA") should issue. A COA may be issued only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Because no jurist of reason could find that Freeman's petition is not time barred, the Court DENIES the issuance of a certificate of appealability.

**Conclusion**

Because Freeman's habeas petition is time barred, the Court ADOPTS Magistrate Judge Tsuchida's Report and Recommendation, DENIES the habeas petition, and DISMISSES this matter with prejudice. Because no jurist of reason could find that Freeman's petition is not time barred, the Court DENIES the issuance of a certificate of appealability.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 31st day of March, 2012.

Marsha J. Pechman
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE
WITH PREJUDICE- 4